UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GEORGE LUIS DeJESUS,

        Petitioner,

v.                                                  CASE NO. 04-CV-71553-DT
                                                  HONORABLE GEORGE CARAM STEEH

BLAINE C. LAFLER,

        Respondent.
_____/

## ORDER GRANTING PETITIONER'S MOTION FOR A STAY
## AND HOLDING CASE IN ABEYANCE

        Currently pending before the Court are Petitioner's habeas corpus petition under 28 U.S.C. § 2254 and Petitioner's motions for discovery and for a stay of these proceedings. Petitioner was convicted in 1977 of first-degree murder. He filed his habeas corpus petition through counsel on April 26, 2004. After Respondent filed an answer to the habeas petition, Petitioner moved for permission to conduct discovery. The request to conduct discovery is related to Petitioner's sixth habeas claim, which reads:

> The Michigan state courts denied Petitioner due process by (A) refusing to provide available DNA biological samples for independent testing and (B) in failing to conduct a hearing with respect to a post-appeal expert forensic scientist's report disputing the State's evidence on the critical element of the murder charge, after refusing to appoint an expert at trial.

        In his motion for discovery, Petitioner asks for permission to have a DNA test performed, at his own expense, on blood found under the fingernails of the murder victim. He expects the test to establish that the blood came from Brandon Gohagen, the State's key witness against him. Petitioner maintains that the evidence will demonstrate his innocence.

On July 26, 2005, the Court ordered Respondent to file an answer to Petitioner's motion for discovery. Before Respondent could file an answer, Petitioner moved to hold his habeas petition and discovery motion in abeyance pending the Supreme Court's decision in *House v. Bell*, No. 04-8990, *petition for cert. granted*, __ U.S. __, 125 S. Ct. 2991 (2005).

The issues on which certiorari were granted in *House v. Bell* are:

> 1. Did the majority below err in applying this Court's decision in *Schlup v. Delo* [513 U.S. 298 (1995)] to hold that Petitioner's compelling new evidence, though presenting at the very least a colorable claim of actual innocence, was as a matter of law insufficient to excuse his failure to present that evidence before the state courts - merely because he had failed to negate each and every item of circumstantial evidence that had been offered against him at the original trial?
>
> 2. What constitutes a "truly persuasive showing of actual innocence" pursuant to *Herrera v. Collins* [506 U.S. 390 (1993)] sufficient to warrant freestanding habeas relief?

*House v. Bell*, Pet. for a Writ of Certiorari, 2005 WL 1527632, at i (U.S. Mar. 3, 2005) (No. 04-8990).

District courts may issue stays when a stay would be a proper exercise of discretion. *Rhines v. Weber*, __ U.S. __, __, 125 S. Ct. 1528, 1534 (2005). A stay is appropriate here because Petitioner maintains his innocence and seeks to assert a claim of actual innocence as a free-standing claim and as a gateway to review of his sixth claim, which Respondent argues is procedurally defaulted. Like Paul House, Petitioner wants to show that new evidence in the form of DNA proves he was wrongly convicted of a murder. The Supreme Court's decision in *House v. Bell* may assist the Court in resolving Petitioner's motion for discovery and his sixth claim.

Accordingly, Petitioner's motion for a stay [Doc. #33, Aug. 1, 2005] is GRANTED. Petitioner's habeas petition [Doc. #1, Apr. 26, 2004], motion for discovery [Doc. #30, Dec. 7,

2004], and all other proceedings in this case are STAYED until further notice.

The Court's stay is conditioned on Petitioner moving to reinstate his case on the Court's active docket within **thirty (30) days** of the Supreme Court's dispositive decision in *House v. Bell*.  Failure to so move may result in a dismissal of his case.

                                         s/George Caram Steeh  
                                         GEORGE CARAM STEEH  
                                         UNITED STATES DISTRICT JUDGE

Dated:  September 20, 2005

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record on September 20, 2005, by electronic and/or ordinary mail.

                                         s/Josephine Chaffee  
                                         Secretary/Deputy Clerk