UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GEORGE LUIS DeJESUS,

        Petitioner,

v.                                         CASE NO. 04-CV-71553-DT
                                              HONORABLE GEORGE CARAM STEEH

BLAINE C. LAFLER,

        Respondent.
_____/

**ORDER GRANTING IN PART PETITIONER'S
MOTION FOR A CERTIFICATE OF APPEALABILITY**

### I. Introduction

Petitioner George Luis DeJesus has appealed the Court's denial of his application for the writ of habeas corpus. The habeas petition challenges Petitioner's convictions for first-degree murder and possession of a firearm during the commission of a felony. There was no physical evidence connecting Petitioner to the crimes. The primary evidence against him came from Brandon Gohagen, who testified that he (Gohagen) sexually assaulted the victim, but that Petitioner and his brother subsequently kicked the victim in the upper body and left her tied up in the basement of her home. Petitioner's defense was that he was not present when the crimes were committed and that Brandon Gohagen raped and murdered the victim.

The Court denied Petitioner's habeas corpus petition on the merits. Currently pending before the Court is Petitioner's motion for a certificate of appealability on the following six habeas claims:

    I.    The erroneous admission of irrelevant and highly prejudicial
          testimony alleging Petitioner was a member of a gang deprived

him of his due process right to a fair trial under the Federal Constitution.

II. The state trial court erred by allowing inadmissible hearsay evidence in at trial, depriving Petitioner of his due process right to a fair trial.

III. The state trial court deprived Petitioner of his due process rights to a fair trial by permitting the prosecution to present highly inflammatory images to the jury from opening statement and throughout trial.

IV. The state prosecutor's repeated misconduct was so egregious that it wholly undermined the trial, rendered the verdict unreliable, and deprived Petitioner of due process and an impartial trial by jury as guaranteed by the Fifth and Fourteenth Amendments to the Federal Constitution.

V. Petitioner was denied his constitutional right to due process when the trial court denied the motion for a directed verdict where there was insufficient evidence to establish the charges.

VI. The Michigan state courts denied Petitioner due process by (A) refusing to provide available DNA biological samples for independent testing and (B) in failing to conduct a hearing with respect to a post-appeal expert forensic scientist's report disputing the State's evidence on the critical element of the murder charge, after refusing to appoint an expert at trial.

## II. Standard of Review

"[A] prisoner seeking postconviction relief under 28 U.S.C. § 2254 has no automatic right to appeal a district court's denial or dismissal of the petition. Instead, [the] petitioner must first seek and obtain a COA." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "It is consistent with § 2253 that a COA will issue in some instances where there is no certainty of ultimate relief. After all, when a COA is sought, the whole premise is that the prisoner 'has already failed in that endeavor.'" *Miller-El*, 537 U.S. at

337 (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)).

Courts must either issue a certificate of appealability indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b)(1); *In Re Certificates of Appealability*, 106 F.3d 1306, 1307 (6th Cir. 1997). To obtain a certificate of appealability, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "[A] claim can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that [the] petitioner will not prevail." *Miller-El*, 537 U.S. at 338.

### III.  Discussion

The first habeas claim challenges a witness' comment regarding Petitioner's membership in a gang. The Court found no merit in this claim because the witness' remark was a brief comment in a lengthy trial, and the evidentiary error did not render the proceeding so fundamentally unfair as to deprive Petitioner of due process. *McAdoo v. Elo*, 365 F.3d 487, 494 (6th Cir. 2004). Reasonable jurists would not find this conclusion debatable or wrong.

The second habeas claim alleges that the trial court erred by admitting hearsay concerning Brandon Gohagen's comments about the murder and Angela Rodriguez' testimony that the victim did not like Petitioner or his brother. The Court rejected this claim because it alleged a violation of state law and because admission of the evidence did not violate Petitioner's right of confrontation. Reasonable jurists would agree.

The third habeas claim alleges that the trial court deprived Petitioner of his right to a fair trial by permitting the prosecution to present highly inflammatory images to the jury. The Court

3

determined that Petitioner's argument about gruesome photographs of the victim was not cognizable on habeas review. *See Cooey v. Coyle*, 289 F.3d 882, 893-94 (6th Cir. 2002). Reasonable jurists would agree.

The Court rejected Petitioner's claim about a photograph of Petitioner holding two guns because the state court's finding of harmless error was reasonable and entitled to deference under 28 U.S.C. § 2254(d). *Chapman. Eddleman v. McKee*, 471 F.3d 576, 583-85 (6th Cir. 2006). Reasonable jurists might debate this assessment of the claim about the photograph of Petitioner holding a gun. Consequently, a certificate of appealability may issue on that claim.

The fourth habeas claim alleges prosecutorial misconduct. Although the Court determined that the prosecutor's conduct was either proper or not flagrant, reasonable jurists could debate that assessment of the claim. Therefore, a certificate of appealability may issue on claim IV.

The fifth habeas claim alleges that Petitioner was denied his constitutional right to due process when the trial court denied his motion for a directed verdict of acquittal. The Court construed this claim to allege that there was insufficient evidence to support his convictions. Although the Court determined that the state court's decision was a reasonable application of *Jackson v. Virginia*, 443 U.S. 307 (1979), reasonable jurists might disagree. Therefore, a certificate of appealability may issue on claim V.

The sixth and final habeas claim alleges that the state courts denied Petitioner due process by refusing to provide biological samples for independent DNA analysis and by failing to conduct a post-conviction hearing on a forensic scientist's report, which disputed the State's evidence. According to Petitioner, DNA evidence would establish that Brian Gohagen acted

4

alone and that Petitioner was innocent.

The Court ruled that Petitioner had no right to habeas relief on the basis of the state court's refusal to grant DNA testing, because "a state court's interpretation of state law . . . binds a federal court sitting in habeas corpus." *Bradshaw v. Richey*, 546 U.S. 74, __, 126 S. Ct. 602, 604 (2005).  The Court also noted that there is no constitutional right to post-judgment DNA testing and no right to habeas relief from deficiencies in a state's post-conviction procedures. The Court denied Petitioner's request to pursue discovery on habeas review because, even if he could establish that Brandon Gohagen's DNA was present under the victim's fingernails, such an outcome had minimal relevance to the facts presented to the jury.  Reasonable jurists would agree.

## IV.  Conclusion

Petitioner's motion for a certificate of appealability [Doc. 41, Jan. 18, 2007] is GRANTED in part and DENIED in part.  A certificate of appealability may issue on claim IV (prosecutorial misconduct), claim V (sufficiency of the evidence), and the portion of claim III that challenges the admission of a photograph of Petitioner holding a gun in each hand.  The Court declines to issue a certificate of appealability on claim I (evidence of membership in a gang), claim II (admission of hearsay), the portion of claim III that challenges the admission of gruesome photographs, and claim VI (denial of discovery).

Dated:  January 23, 2007

                                          S/George Caram Steeh
                                          GEORGE CARAM STEEH
                                          UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on January 23, 2007, by electronic and/or ordinary mail.

S/Josephine Chaffee
Deputy Clerk